Samuel J. Samaro, Esq.
**PASHMAN STEIN**
A Professional Corporation
Court Plaza South
21 Main Street, Suite 100
Hackensack, New Jersey 07601
(201) 488-8200
Counsel for Plaintiff,
  Leslie Kaplan

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| Leslie Kaplan<br><br>            Plaintiff,<br><br>v.<br><br>GreenPoint Global and Sanjay Sharma<br><br>            Defendants. | CIVIL ACTION NO.<br><br>Electronically filed<br><br>**COMPLAINT** |
|---|---|

Plaintiff, Leslie Kaplan, by and through her attorneys, Pashman Stein, a Professional Corporation, by way of Complaint against the Defendants GreenPoint Global ("GreenPoint") and Sanjay Sharma ("Sharma"), says:

### NATURE OF THE ACTION

1. This is an action for monetary and equitable relief based on Defendants' breach of an oral employment agreement and misrepresentations to Plaintiff in order to induce her to accept an offer of employment.

2. Defendants promised Plaintiff that if she accepted employment with the company, she would earn between $175,000 and

$200,000 and would receive profit sharing, health benefits and a 10% equity interest in part of the business. Once she started with the company, Defendants refused to pay her more than $80,000 per year and refused to give her profit sharing, health benefits or equity.

3. Defendants also sought to induce plaintiff into accepting the position by representing that the company had approximately $600,000 in annual revenue. Once plaintiff started, however, it quickly became obvious that Defendant had no more that $40,000 in annual revenue.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action under 28 U.S.C. §§ 1332 (diversity).

5. The amount in controversy exceeds the sum or value of $75,000 required under 28 U.S.C. §1332(a).

6. Personal jurisdiction and venue in this action are proper since a substantial part of the events giving rise to the claim occurred in New Jersey.

## PARTIES

7. GreenPoint is, by information and belief, a corporation with corporate headquarters located at 501 5th Avenue, Suite 1701, New York, NY, 10017. Green Point is in the business of providing legal outsourcing services to corporations

and law firms. It does this by contracting out the legal work to American-educated lawyers who live in Israel.

8. Plaintiff, Leslie Kaplan ("Kaplan") is a resident of New Jersey and former employee of Green Point. Plaintiff has many years of experience in the marketing and sales of litigation support products.

9. Defendant Sanjay Sharma is the founder and an officer of GreenPoint. Defendant Sharma is a resident of New York.

## BACKGROUND

10. Plaintiff was hired by GreenPoint as the Director of Legal Services on December 1, 2010.

11. Prior to accepting that employment, Ms. Kaplan negotiated the terms of her compensation package with Jackie Karceski ("Karceski"), General Manager and Chief Executive Officer of GreenPoint.

12. Karceski assured Ms. Kaplan that if she accepted the Director of Legal Services position with GreenPoint, she would earn between $175,000 and $200,000 in 2011.

13. As incentive, Karceski also offered Ms. Kaplan a 10% ownership interest in GreenPoint's legal group, profit sharing and health benefits.

14. On or about December 18, 2011, several weeks after commencing employment with GreenPoint, Ms. Kaplan was presented

3

with an employment contract reflecting a base salary of $80,000 with no equity profit sharing or health benefits.

15. The employment contract also contained a commission plan that would not offer Ms. Kaplan the opportunity to earn the promised $175,000 to $200,000 a year within a viable time frame.

16. Ms. Kaplan sent Karceski a list of revisions to the contract and in response, Karceski assured Ms. Kaplan that the employment contract would be revised to reflect the compensation package initially offered.

17. After several weeks of employment with GreenPoint, Ms. Kaplan and Karceski agreed that it was too soon to develop a suitable commission plan and therefore the negotiations over the terms of the commission plan were placed on hold for several months.

18. During this discussion, Karceski again assured Ms. Kaplan that her total compensation package in 2011 would be approximately $200,000.

19. On or about March 23, 2011, Karceski created a compensation package for Ms. Kaplan reflecting total earnings in 2011 as $203,852.00.

20. As part of Ms. Kaplan's compensation, the package also contained a 10% ownership of the legal group.

21. This new compensation plan was then presented to Sharma, founder of GreenPoint, for approval. Sharma did not

4

approve this plan and would not recommend another reasonable compensation plan.

22. In May 2011, Ms. Kaplan insisted that GreenPoint provide her with a compensation plan reflecting the compensation offered during the application process.

23. On May 25, 2011, Ms. Kaplan's employment was wrongfully terminated, ostensibly because the parties could not reach agreement on Plaintiff's compensation plan.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT
### (GreenPoint)

24. Defendant Greenpoint agreed to pay Plaintiff a total compensation package which included an annual compensation of at least $175,000 for 2011, profit sharing, a 10% ownership interest in the legal group and health benefits.

25. Defendant breached its contractual obligation to Plaintiff by refusing to provide her with the agreed-upon compensation, benefits and equity interest.

26. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer loss of earnings, and other employment benefits.

## SECOND CAUSE OF ACTION

### QUANTUM MERUIT
### (GreenPoint)

27. Plaintiff incorporates and re-alleges herein by reference all of the allegations set forth above.

28. Defendant Greenpoint promised Plaintiff that she would receive a compensation package to include an annual compensation of at least $175,000, health benefits, profit sharing and 10% ownership interest in the legal group.

29. Plaintiff reasonably relied upon Greenpoint's representations regarding compensation, ownership interest and other benefits to her detriment.

30. By failing to provide plaintiff with the agreed-upon compensation, GreenPoint has been unjustly enriched.

### THIRD CAUSE OF ACTION

### FRAUDULENT INDUCEMENT
### (GreenPoint and Sharma)

31. Plaintiff incorporates and re-alleges herein by reference all of the allegations set forth above.

32. Defendants GreenPoint and Sharma induced plaintiff to accept the offer of employment, in part, by representing that GreenPoint Legal Services had at least $600,000 in annual billings. This was false. Shortly after Plaintiff started working for GreenPoint, it became obvious that the company had no more than $40,000 in annual billings.

33. After commencing employment with GreenPoint, it also became obvious to Plaintiff that lying about its size and its

6

revenue was an ordinary business practice for GreenPoint. For instance, GreenPoint would routinely lie to clients and prospective clients about the number of attorneys that the company had under contract to do legal work. On one occasion Karceski represented to Zurich Insurance Company that GreenPoint had 250 attorneys in Israel. On another occasion, she represented that GreenPoint had 40 attorneys. In truth, and as was known to Karceski, the number of attorneys has never exceeded 12.

34. Defendants knew, or had reason to know, that Plaintiff would rely upon their false statements when she was deciding whether to accept employment with GreenPoint. Plaintiff did rely on such misrepresentations, to her material detriment.

35. As a proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer loss of earnings and other employment benefits.

### FOURTH CAUSE OF ACTION

### NEW JERSEY WAGE PAYMENT LAW
### (GreenPoint and Sanjay)

36. Plaintiff incorporates and re-alleges herein by reference all of the allegations set forth above.

37. Defendants GreenPoint and Sanjay are "employers" as defined by the New Jersey Wage Payment Law, *N.J.S.A.* 34:11-4.1(a).

38. Defendants violated New Jersey's Wage Payment Law, *N.J.S.A.* 34:11-4.1, *et seq.* by refusing to pay all compensation due to Plaintiff.

39. As a direct and proximate result of Defendants' violation of the New Jersey Wage Payment Law, Plaintiff has suffered and continues to suffer loss of earnings and other employment benefits.

## PRAYER FOR RELIEF

*FIRST COUNT*

*BREACH OF CONTRACT*

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a) Compensatory and consequential damages including an annual compensation of $175,000.00 for the time worked by Plaintiff in 2011 and 10% ownership interest for the legal group;

(b) Lost health insurance benefits as set forth in this Complaint;

(c) Attorneys' fees and costs of suit;

(d) Any other relief which the Court deems necessary and just.

8

*SECOND COUNT*

*QUANTUM MERUIT*

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a) A declaration that Defendant is liable for lost wages and compensation including an annual compensation of $175,000.00 for the time worked by Plaintiff in 2011 and 10% ownership interest for the legal group;

(b) Lost health insurance benefits as set forth in this Complaint;

(c) Attorneys' fees and costs of suit;

(d) Any other relief which the Court deems necessary and just.

*THIRD COUNT*

*FRAUDULENT INDUCEMENT*

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a) Lost wages and compensation including an annual compensation of $175,000.00 for the time worked by Plaintiff in 2011 and 10% ownership interest for the legal group;

(b) Lost health insurance benefits as set forth in this Complaint;

(c) Punitive damages;

(d) Attorneys' fees and costs of suit; and

(e) Any other relief which the Court deems necessary and just.

## FOURTH COUNT

**NEW JERSEY WAGE PAYMENT LAW**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a) Unpaid wages and benefits;

(b) any other relief which the Court deems necessary and just.

**PASHMAN STEIN**
A Professional Corporation
Attorney for Plaintiff
Leslie Kaplan

Dated: August 22, 2011   By:   s/SAMUEL J. SAMARO
SAMUEL J. SAMARO

**PASHMAN STEIN**
A Professional Corporation
Court Plaza South
21 Main Street
Hackensack, New Jersey 07601
(201) 488-8200
ssamaro@pashmanstein.com