# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **LESLIE KAPLAN,** | Civ. No. 2:11-cv-04854 (WJM) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **GREENPOINT GLOBAL**, *et al.*, | |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Leslie Kaplan filed this action against Defendants GreenPoint Global and Sanjay Sharma for breach of an employment agreement.  This matter comes before the Court on Defendants' appeal of Magistrate Judge Falk's June 27, 2013 Order granting Plaintiff leave to file a Second Amended Complaint.   There was no oral argument.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, Defendants' appeal is **DENIED**, and Judge Falk's June 27, 2013 Order is **AFFIRMED**.

## I.    BACKGROUND

This is a straightforward breach of contract and negligent misrepresentation case.  The Complaint essentially alleges that Plaintiff's former employer breached an oral employment agreement to pay Plaintiff $200,000 a year and give her a 10% equity interest in the company.

Plaintiff filed the original Complaint in this action on August 22, 2011.  ECF No. 1.  On November 21, 2011, Defendants moved to dismiss.  ECF No. 9.  On January 6, 2012, Plaintiff filed a cross-motion to amend her Complaint.  ECF No. 14.  On July 20, 2012, this Court entered an Opinion and Order granting in part, and denying in part, Defendants' motion to dismiss, and granting Plaintiff's motion to amend.  ECF Nos. 19, 20.  Plaintiff filed an Amended Complaint.  Before discovery began in earnest, the parties entered into settlement discussions.  *See* ECF No. 52-1 at 4.  Judge Falk held a series of settlement conferences, but the parties' attempts to settle the case ultimately proved unsuccessful.  *Id.*  On April 5, 2013, Plaintiff sought leave to file a Second Amended Complaint to add new claims for wrongful termination, promissory estoppel, and negligent misrepresentation.  Defendants opposed Plaintiff's request to amend, arguing that (1) the amendment would cause undue delay, (2) it was clearly futile, and (3) the

negligent misrepresentation claim duplicated the dismissed fraud claim.  Judge Falk found that (1) there was no undue delay because the new claims would require the same discovery as the old claims; (2) the new claims were colorable in light of the facts already alleged; and (3) the negligent misrepresentation claim did not have to be pled with the specificity, making it distinct from the fraud claim.  Accordingly, on June 27, 2013, Judge Falk entered an Order granting Plaintiff's request for leave to file a Second Amended Complaint.  ECF No. 47.

On July 8, 2013, Defendants filed a document entitled "Certification for an Amendment to Court's Order to Enable Interlocutory Appeal," apparently seeking to have Judge Falk amend his own Order so that Defendants could appeal that Order to the Third Circuit.  ECF No. 50.  On July 9, 2013, Judge Falk entered an Order denying Defendants' request and explaining that "Appeals of Magistrate Judge decisions are taken to the District Judge under Federal Rule 72 and Local Civil Rule 72.1(c), not to the Third Circuit under 28 U.S.C. § 1292."  Order, ECF No. 51.  On July 9, 2013, Defendants filed a document entitled "Objection to Magistrates [sic] Bench Order Issued on 6/27/2013."  ECF No. 52.  Plaintiff filed an Opposition Brief on July 22, 2013.  ECF No. 53.  On August 1, 2013, Defendants filed a document entitled "Supplementary Letter to Objection to Magistrates Bench Ordered 6/27/2013."  ECF No. 54 (grammatical errors in original).  Although Defendants' second attempt to appeal Judge Falk's Order still does not comply with Federal Rule 72 or Local Rule 72.1(c), this Court will construe Defendants' documents entitled "Objection to Magistrates Bench Order Issued on 6/27/2013" and "Supplementary Letter to Objection to Magistrates Bench Ordered 6/27/2013" as an appeal under those Rules.

## II.    LEGAL STANDARD

A district court may reverse a magistrate judge's order if it finds the ruling to be clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).  The district court is bound by the clearly erroneous rule as to findings of fact, while the phrase "contrary to law" indicates plenary review as to matters of law.  *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).  A finding is considered "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).  A decision is considered contrary to the law if the magistrate judge has "misinterpreted or misapplied applicable law."  *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

## III.   DISCUSSION

This appeal borders on the frivolous.  The Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15; *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) ("motions to amend

pleadings should be liberally granted"). It has been well-settled for decades that the decision to grant a motion to amend rests in the sound discretion of the court. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1971). Motions to amend are routinely granted as part of the day-to-day mechanics of federal litigation. It is rare for a court to deny a motion to amend, and it is even more rare, if not unheard of, for a litigant to appeal an order granting a motion to amend. Although litigants are permitted to appeal Magistrate Judge orders under Local Rule 72.1(c), Defendants should be mindful that appealing routine orders like this one is not a good use of Court or litigant resources.

In this case, the Court finds that Judge Falk's decision was extremely correct. Judge Falk properly applied the liberal standard governing motions to amend, and properly found that granting leave to amend would not cause undue delay, was not futile, and would not duplicate any dismissed claims. Accordingly, Judge Falk's June 27, 2013 Order is resoundingly affirmed.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' appeal is **DENIED**, and Judge Falk's June 27, 2013 Order is **AFFIRMED**. An appropriate Order follows.


_____/s/ William J. Martini_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 5, 2013**

3